```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


NATIONWIDE MUTUAL INSURANCE CO.,:
ET AL.,                         :
                                :
     Plaintiffs,                :
                                :
V.                              :   CASE NO. 3:99CV2005 (RNC)
                                :            3:99CV2006 (RNC)
                                :            3:99CV2007 (RNC)
PATRICIA BLAND, BRUCE MORTENSEN,:
AND DAVID DONALDSON,            :
                                :
     Defendants.                :
```

RULING ON MOTION FOR RECONSIDERATION

Defendants have moved for reconsideration of the ruling denying, in part, their motion for summary judgment on plaintiff Nationwide's claims and granting Nationwide's motion for summary judgment on their counterclaims. The defendants' motion for reconsideration is granted. On reconsideration, I adhere to the previous ruling.

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Lopez v. Smiley, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005) (internal quotation marks omitted). Likewise, a motion for reconsideration is not an opportunity to relitigate issues already decided. Id. at 22. The court should grant a motion for reconsideration only if the moving party

"point[s] to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

The motion for reconsideration largely seeks to relitigate issues that were addressed and decided in the ruling.  For the reasons stated in the ruling, I adhere to my conclusions that (1) paragraph 11(f) of the Agent's Agreement does not unambiguously establish defendants' ownership of the policyholder files; (2) summary judgment is appropriate on defendants' claims under the Connecticut Unfair Trade Practices Act; and (3) summary judgment cannot be granted on Nationwide's claim under Conn. Gen. Stat. § 53a-251.  I conclude, however, that further comment is called for with regard to the two matters discussed below.

Defendants argue that I should have considered whether paragraph 11(f)'s forfeiture-for-competition provision constitutes an unlawful restraint on competition.[1]  Applying the five-part test for analyzing such restraints, see Robert S. Weiss & Assocs., Inc. v. Wiederlight, 208 Conn. 525, 529 n.2 (1988),

---

[1] Courts are divided on whether a forfeiture-for-competition provision should be analyzed as a restraint on competition. Compare Fraser v. Nationwide Mut. Ins. Co., 334 F. Supp. 2d 755, 760 (E.D. Pa. 2004) (finding the forfeiture-for-competition provision "more akin to an incentive program than a non-compete clause"), with Harlow v. Nationwide Mut. Ins. Co., No. N-84-503(JAC), 1987 U.S. Dist. LEXIS 8419, at *9-11 (D. Conn. June 23, 1987) (analyzing the provision as a restraint on competition).

paragraph 11(f)(1) is enforceable because it fairly protects Nationwide's interest in preserving its customers, operates only for one year and within 25 miles, does not unduly impair defendants' right to pursue their occupation, and does not interfere with the public interest.  Other courts have come to the same conclusion.  See, e.g., Fraser v. Nationwide Mut. Ins. Co., 334 F. Supp. 2d 755, 761 (E.D. Pa. 2004); Cray v. Nationwide Mut. Ins. Co., 136 F. Supp. 2d 171, 179 (W.D.N.Y. 2001); Harlow v. Nationwide Mut. Ins. Co., No. N-84-503(JAC), 1987 U.S. Dist. LEXIS 8419, at *11 (D. Conn. June 23, 1987).

Defendants also argue that I should not have dismissed their counterclaim for breach of contract (Count 3), which alleges that the Agent's Agreement permits them to retain policyholder files in exchange for forfeiture of their Agency Security Compensation money and that Nationwide's lawsuit breaches their rights under the forfeiture provision.  The ruling recognizes that the Agreement is ambiguous with regard to whether it permits departing agents to use information in policyholders files to compete with Nationwide for customers they served.  The existence of this ambiguity does not give rise to a breach of contract claim based on Nationwide's filing of this lawsuit, as defendants contend.  The suit alleges pre-termination misconduct, as well as post-termination competition.  And the defendants point to no provision in the Agreement that can be construed as a waiver of

3

either party's right to seek redress in court.

Accordingly, defendants' motion for reconsideration [Doc. #250] is granted, but I adhere to my previous ruling.

So ordered.

Dated at Hartford, Connecticut this 31st day of March 2006.

```
            _____/s/_____
                  Robert N. Chatigny
              United States District Judge
```